```
                                    Entered on Docket
                                    July 12, 2010
                                    GLORIA L. FRANKLIN, CLERK
1  MELODIE A. WHITSON (CA SBN 253093) U.S BANKRUPTCY COURT
   PITE DUNCAN, LLP                  NORTHERN DISTRICT OF CALIFORNIA
2  4375 Jutland Drive, Suite 200
   P.O. Box 17933                    Signed: July 09, 2010
3  San Diego, CA 92177-0933
   Telephone: (858) 750-7600
4  Facsimile: (619) 590-1385
```



Attorneys for WELLS FARGO BANK, NA

_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| In re | Case No. 10-10091-AJ |
|---|---|
| BRIAN EUGENE BAKER, | Chapter 7 |
| | R.S. No. MAW-1887 |
| | ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY |
| | DATE: May 13, 2010<br>TIME: 9:00 a.m. |
| Debtor(s). | Northern District of California - Santa Rosa Division<br>United States Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404-6524 |

The above-captioned matter came on for hearing on May 13, 2010 at 9:00 a.m., upon the Motion of Wells Fargo Bank, NA ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Brian Eugene Baker ("Debtor") commonly known as 1243 Maple Pines Avenue, North Las Vegas, Nevada 89081 (the "Real Property"), which is legally described as follows:

/././

- 1 -

LOT TWENTY-SIX (26) OF THE 2ND AMENDED PLAT OF PORTIONS OF CENTENNIAL BRUCE WEST 40 – UNIT 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 131 OF PLATS, PAGE 85, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

Appearances as noted on the record.

Based on the arguments of counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. The automatic stay of 11 U.S.C. § 362, is hereby terminated as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust;

2. Movant is authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

3. The 14-day stay provided by Bankruptcy Rule 4001 (a)(3) is waived;

4. Post-petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

5. Upon foreclosure, in the event Debtor fails to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law; and

6. Movant may offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case;

7. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

** END OF ORDER **

- 2 -

Case: 10-10091    Doc# 21    Filed: 07/09/10    Entered: 07/12/10 08:55:38    Page 2 of 2